NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 06-CV-13-HRW

ROGER KISKADEN                                                                                            PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

EASTERN KENTUCKY CORRECTIONAL COMPLEX, ET AL.                              DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiff, Roger Kiskaden ("Kiskaden"), is a prisoner incarcerated at the Kentucky State Penitentiary in Eddyville, Kentucky ("KSP")[1] and filed this a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 on December 22, 2005 [Record No. 1]. The plaintiff has now filed a new application to proceed *in forma pauperis*, which will be addressed by separate order [Record Nos. 3, 5]. The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

---

[1] Kiskaden was incarcerated at the Eastern Kentucky Correctional Complex when this action was initially filed. While Kiskaden has not filed a change of address with the Court, his new application to proceed *in forma pauperis* indicates that his current place of incarceration is at KSP, and his prisoner trust fund account information indicates a transfer to KSP some time in January 2006. The Clerk of the Court is therefore directed to mail copies of this and other documents filed in the record to plaintiff at both addresses.

-2-

In his complaint and motion for injunctive relief, Plaintiff complains of (1) physical and verbal abuse and/or retaliation; (2) deliberate indifference to his serious medical needs; and (3) improper placement into the segregation unit. Kiskaden attached certain prison grievance forms to his motion for injunctive relief in an effort to show his exhaustion of his administrative remedies with respect to each of his claims, including:

1. Memorandum (Grievance No. 05-234) dated October 25, 2005 rejecting grievance under CPP 14.6 II, E.1 as duplicative of Grievance No. 05-666;

2. Inmate Grievance Form dated October 18, 2005 regarding housing assignments;

3. Inmate Grievance Form (Grievance No. 05-174) dated March 2, 2005 regarding medical care;

4. Inmate Grievance Form (Grievance No. 05-328) dated April 20, 2005 regarding mental health care;

5. Inmate Grievance Form (Grievance No. 05-681) dated August 20, 2005 regarding housing assignments;

6. Inmate Grievance Form (Grievance No. 05-681/05-622) dated August 31, 2005 regarding conflicts with staff;

7. Warden's Review Form (Grievance No. 05-666) dated October 17, 2005, wherein the warden concurs with the recommendation of the Grievance Committee to reject Kiskaden's claims regarding discrimination, harrassment, and retaliation; and

8. Inmate Grievance Form (Grievance No. 05-339) dated August 31, 2005 regarding water temperature in showers.

Because Kiskaden had not paid the filing fee nor submitted a properly-documented application to proceed *in forma pauperis*, on February 15, 2006, the Court entered a Deficiency Order directing him to do so within thirty days. Because Plaintiff had failed to provide the Court with documentation which adequately demonstrated his exhaustion of available administrative remedies for each of his claims, the Deficiency Order further directed him to complete a Form 118 explaining his efforts to exhaust his administrative remedies, and to include copies of the administrative

grievance forms used [Record No. 2]. On March 8, 2006, Plaintiff submitted his response, which included a completed Form 118 wherein he asserted that he had informed the Deputy Warden of Internal Affairs of his grievances, but that no further action was taken [Record No. 4].

## DISCUSSION

42 U.S.C. §1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). It is the prisoner who must demonstrate that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To do so, the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Because Plaintiff is a prisoner in the custody of the Kentucky Department of Corrections, the administrative procedures available to him are set forth in 501 KAR 6:010, which governs prison grievance procedures. They are referred to as "Corrections Policies and Procedures" ("CPP"). The CPP which addresses inmate grievances is found in Policy Number 14.6. According to the provisions of the *Inmate Grievance Process*, §I (1) of CPP Policy Number 14.6, a prisoner at a state correctional institution must informally attempt to grieve a claim with the Grievance Aide, the Grievance Coordinator, the department head or institutional staff. If the attempt at informal resolution fails, he must seek a hearing before the Grievance Committee. *Id.* at §I(2). The Committee's decision must be forwarded to the warden, who is responsible for making a final

written decision. *Id.* at §I(2)(c), (d). A prisoner who is not satisfied with the warden's final decision may appeal that decision to the Commissioner of Corrections. *Id.* at §I(3).

As noted above, Kiskaden has provided the Court with numerous copies of Inmate Grievance Forms raising a variety of issues. Kiskaden has also provided the Court with a copy showing the warden's denial of his grievance with respect to at least one subset of his claims. See Item 7, *supra*. However, Kiskaden has not provided the Court with any documentation showing that he has pursued his administrative remedies to exhaustion by appealing to the Commissioner of Corrections as required by §I(3)(a) of the *Inmate Grievance Process* with respect to *any* of his claims, let alone all of them. Because Kiskaden has failed to provide the Court with any documents indicating his invocation and completion of the administrative remedy process under the Kentucky Department of Corrections' CPP on all of his claims, he has failed to demonstrate exhaustion of his available administrative remedies, and his complaint must be dismissed. *Jones Bey v. Johnson*, 407 F.3d 801, 806, 809 (6th Cir. 2005) (where a complaint therefore asserts both exhausted and unexhausted claims, it must be dismissed without prejudice to provide the prisoner with an opportunity to exhaust the unexhausted claims); accord *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (because a prisoner may not later amend his complaint to cure the failure to plead and demonstrate the exhaustion of administrative remedies, the complaint must be dismissed without prejudice).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, without prejudice.

(2) Plaintiff's (a) "Motion for a Mandatory Injunction..." [Record No. 1] is **DENIED AS MOOT.**

-5-

(3) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

(4) This is a **FINAL** and **APPEALABLE** order.

This March 17, 2006.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge